IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DARREN "DEDE" WRIGHT,<br>　　　Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 5:12-CV-00622 |
| NORMANDY TERRACE HEALTHCARE<br>AND REHABILITATION CENTER,<br>　　　Defendant | §<br>§<br>§<br>§ | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL
AND PLAINTIFF'S MOTION TO REMAND, AND ALTERNATIVE MOTION
TO ENTER *SUA SPONTE* ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Darren "Dede" Wright, Plaintiff in the above styled and numbered cause, and files this his Response to Defendant's Notice of Removal and Plaintiff's Motion to Remand this cause to the state court from which it originated, and/or Alternative Motion to Enter *Sua Sponte* Order Remanding this matter to state court, and for grounds respectfully shows the Court the following:

I.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL**

1.　　Plaintiff admits all of the allegations of Paragraphs 1 and 2 of the Notice of Removal filed by Defendant in that this case was filed in the 224th Judicial District Court of Bexar County, Texas, and was pending therein as Cause No. 2012-CI-08158 at the time of removal by Defendant.

2. Plaintiff admits in part and denies in part the allegations contained in paragraph 3 of the Defendant's Notice of Removal. It is true that Defendant was served with process and filed its Original Answer in the state court proceeding. Plaintiff disputes, however, that this case may be removed on the basis of diversity jurisdiction on the basis of Plaintiff's initial pleading. Instead, as is clear from the face of Plaintiff's Original Petition (attached to the Notice of Removal as Tab 1), Plaintiff has asserted claims based solely and only upon Defendant's alleged violations of Texas Labor Code, Chapter 21, §§ 21.051 *et seq.* and such pleading facially establishes that Plaintiff has stipulated that he neither seeks nor will accept more than $75,000 in damages, including actual and punitive damages and all fees and expenses exclusive of interest and court costs.

3. Plaintiff admits the allegations contained in paragraphs 4 and 15-18 of the Notice of Removal.

4. Plaintiff otherwise denies and disputes the allegations and alleged basis for removal set forth in Paragraphs 5--14   This court is without subject matter jurisdiction because Plaintiff brings only state law claims. Further, Defendant has not nor can it demonstrate that diversity jurisdiction exists under 28 U.S.C. § 1332, as Plaintiff (an

individual who resides in Texas) has stipulated clearly, unequivocally and completely that he does not seek and will not accept any damages in excess of the $75,000.00 limit which is the threshold that must be exceeded on the face of Plaintiff's pleading in order to support diversity jurisdiction.

## II.

## ARGUMENT AND AUTHORITY SUPPORTING MOTION TO REMAND

5. Defendant acknowledges that Plaintiff has so stipulated, but attempts to argue based on case law that is inapplicable or involves clearly distinguishable facts and circumstances (e.g., as in the instance cited of a plaintiff who averred that she was not seeking in excess of the minimum jurisdictional amount but failed to stipulate to such). Further, Defendant's attempt to argue that Plaintiff's seeking "expert fees as the court deems appropriate" in the section of Plaintiff's pleading that identifies the elements of damage (See Tab 1 @ Para. 19) is unpersuasive because Defendant fails to note that the Plaintiff's stipulation expressly follows and thereby encompasses such recitation. Defendant further ignores the fact that Plaintiff reiterates in his Prayer that he seeks ***"judgment against Defendant for damages in an amount subject to the foregoing stipulation of Plaintiff that are otherwise***

*within the jurisdictional limits of the [state] Court, including exemplary damages, as allowed by law and subject to the Stipulation…"*

6. There is absolutely no basis evident from the face of the pleading to support the argument that Plaintiff's pleading somehow seeks additional damages that would exceed the maximum amount to which Plaintiff has stipulated, and from the plain language of the stipulation it is clear that it encompasses ALL actual and exemplary/punitive damages AND all fees sought, and as every element of actual or exemplary damage sought is delineated in Paragraphs 19 (a)—(k) and 20 which are then followed immediately by Paragraph 21, the damages stipulation.

7. Further, there is no requirement that the pleading be sworn to by Plaintiff or accompanied by his Affidavit when, pursuant to Rule 11 of the Federal Rules of Civil Procedure, the signature of Plaintiff's attorney is sufficient to factually support the good faith assertion of all facts and legal therefore set forth therein, including the truth and good faith basis for the stipulation that all damages and fees sought do not are exceed $75,000. Accordingly, there could be no basis upon which to assert federal jurisdiction based on diversity notwithstanding

Defendant's attempt to do so by ignoring the clear and unequivocal language on the face of Plaintiff's pleading.

8. Plaintiff admits in part and denies in part the allegations contained in paragraph 4. Plaintiff admits removal was timely made from the state court action. However, Plaintiff denies such removal was proper because the Federal Courts do not have original jurisdiction of the subject matter as no federal code, statute, constitution or common law has been pled or invoked by Plaintiff.

9. Finally, Plaintiff admits the allegations contained in paragraphs 5 and 6 of the Notice of Removal.

10. Federal courts are courts of limited jurisdiction by origin and design. Oliver v. Trunkline Gas Co., 789 F.2d 341, 343 (5th Cir. 1986). As a result, there is an initial presumption that federal courts lack subject matter jurisdiction to resolve a particular suit. Kokkonen v. Guardian Life Ins. Co., 114 S.Ct. 1673, 1675 (1994). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Doubts as to removeability are resolved in favor of remanding the case to the state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Kearbow v. Kearbow, 421 F.Supp. 1253 (N.D. Tex. 1976). Thus, if this Court has any doubts as to

removeability, they should be resolved in favor of remanding this case to the state court.

11. The Fifth Circuit, in B., Inc. v. Miller Brewing Co., 663 F.2d 545, 548-9 (5th Cir., 1981), provides that the District Court must evaluate all of the factual allegations of the parties contained in their pleadings, depositions, attachments and affidavits in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Id. at 549. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. Id. at 550. If the possibility exists that there is an arguable basis for predicting that state law might impose liability on the facts involved, a good faith assertion of such an expectancy is not a sham and is not fraudulent. Id. at 550, citing Bobby Jones Garden Apartments v. Suleski, 391 F.2d 172, 177 (5th Cir. 1968). In making its determination, the court resolves all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. Delgado v. Shell Oil Co., 890 F. Supp. 1324, 1341 (S.D. Tex. 1995), aff'd, 231 F. 3d 165 (5th Cir. 2000), cert. denied, 532 U.S. 972 (2001); Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992).

12. This case was removed improvidently and without jurisdiction, therefore requiring remand back to state court. The removing party bears the burden of establishing the basis for federal jurisdiction. 28 U.S.C. § 1441; <u>Gaitor v. Peninsular & Occidental Steamship Co.</u>, 287 F.2d 252, 253-54 (5th Cir.1961). Defendant incorrectly represents to this Court that in pleadings filed with the Nueces County Court at Law, ''Plaintiff alleges generally...a violation of federal law.'' This is untrue. Nowhere does Plaintiff make any reference to any federal law, either generally or specifically. Rather, Plaintiff specifically pleads for relief solely and only under the Texas Labor Code and for damages that do not exceed $75,000.00 in total, whether actual or exemplary, and inclusive of any other type of "damage" or fee as delineated in the elements set forth in Paragraph 19.

13. Pursuant to 28 U.S.C. 1447(c), "A motion to remand the case on the basis of any <u>defect in removal procedure</u> must be made within 30 days after the filing of the notice of removal under 1446(a)." Plaintiffs have timely demonstrated a defect in removal jurisdiction in addition to a lack of jurisdiction, for which there is no time limit to remand. 28 U.S.C. 1447(c). In this case, the requirements of 28 U.S.C. 1331 have not been satisfied. This case was removed improvidently and

without jurisdiction; therefore, this cause must be remanded back to state court where it originated.

## III.

## PLAINTIFF'S ALTERNATIVE REQUEST FOR REMAND *SUA SPONTE*

14. In light of the pleadings, this court has grounds and authority to remand *sua sponte* to state court.

15. As a result, the Plaintiff requests that the court *sua sponte* consider its jurisdiction and the necessity to remand this case, and remand this cause, with costs and sanctions awarded against Defendants and to Plaintiff, to the 224th Judicial District Court of Bexar County, Texas, from whence it was removed.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court grant this Motion to Remand and remand this case to the 224th Judicial District Court of Bexar County, Texas; alternatively, Plaintiff prays that the court consider its jurisdiction and the necessity to remand *sua sponte*, and remand this case. Plaintiff further prays for such other and further relief, both in law and in equity, including costs, fees and expenses, to which Plaintiff may be justly entitled.

**Respectfully submitted,**

By: /s/ Paul D. Andrews
Paul D. Andrews
Attorney-in-Charge
Texas Bar No. 01248600
Email: pauldandrews@live.com
ANDREWS & GOULD ATTORNEYS
2118 Goliad Rd., Suite 5
San Antonio, TX   78223
Tel. (210) 923-9600
Fax (210) 923-9601

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned Plaintiff's counsel personally conferred via telephone conversation with Mr. Jeffrey Hagelman, counsel for Defendant in this action, regarding the substance of this motion, but Counsel could not reach agreement regarding the disposition of Plaintiff's motion.

/s/ Paul D. Andrews
PAUL D. ANDREWS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document and all referenced Exhibits were served on all counsel of record this the __ day of July, 2012, addressed as follows:

**Via Fax to (512) 370-1901**
**Jeffrey A. Hagelman & Nancy Ebe**
**EBE & ASSOCIATES, P.C.**
**114 W. 7th St., Suite 800**
**Austin, Texas 78701**

By: /s/Paul D. Andrews, Attorney In Charge

Case 5:12-cv-00622-XR   Document 2   Filed 07/18/12   Page 11 of 11