UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DARREN "DEDE" WRIGHT,  )  <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> NORMANDY TERRACE ) <br> HEALTHCARE AND ) <br> REHABILITATION CENTER, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.  SA-12-CA-0622-XR |

## REMAND ORDER

Pending before the Court is Defendant's Notice of Removal and Plaintiff's Motion to Remand (docket no. 2).  After reviewing the record and the applicable law, the Court finds that it lacks subject matter jurisdiction and remands this case to the state court from which it was removed.

### Background

On May 16, 2012, Plaintiff sued Defendant for alleged sexual harassment and retaliation pursuant to Chapter 21 of the Texas Labor Code ("Chapter 21") in the 224th District Court of Bexar County, Texas.  Defendant was served on May 25, 2012, and timely filed a notice of removal, pursuant 28 U.S.C. § 1441, alleging diversity jurisdiction.  Diversity jurisdiction exists where there is complete diversity of citizenship between parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Here, Defendant claims removal is proper because all served parties are diverse, and the amount in controversy exceeds $75,000, excluding interest and costs.  Plaintiff moves to remand, arguing that the amount in controversy is insufficient.

**Analysis**

I. BURDEN OF PROOF

The party seeking federal jurisdiction carries the burden of proof. For federal jurisdiction based on diversity, the party must prove by a preponderance of the evidence that complete diversity of citizenship exists and the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden in one of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R. & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Where a defendant produces evidence that the amount in controversy exceeds $75,000, the plaintiff must show to a legal certainty that the plaintiff will not be able to recover more than the jurisdictional amount. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). A plaintiff may accomplish this by filing a "binding stipulation or affidavit" on the maximum amount of recovery with his petition in state court. *Id.* at 1412.

II. AMOUNT IN CONTROVERSY

This action arises under Chapter 21 of the Texas Labor Code. Plaintiff requests back and front pay, emotional pain, pre- and post- judgment interest, past and future mental anguish, loss of benefits, attorney's fees, expert fees, and exemplary damages. (Dkt. #1, Ex. A., tab 1, Plaintiff's original petition, p.4-5). Plaintiff's petition includes an express stipulation limiting the amount of damages that Plaintiff will accept to an amount below $75,000.

Defendant argues that it is facially apparent from a review of Plaintiff's Original Petition that his damages claims exceed the $75,000 threshold under 28 U.S.C. § 1332(a). While the Court agrees that Plaintiff's alleged damages, considered without the stipulation, would likely exceed $75,000, a plaintiff who does not "desire to try his case in federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). Thus, even if Defendant can show that Plaintiff's damages exceed the jurisdictional threshold, Plaintiff has the opportunity to show that, as a matter of law, it is certain that he will not be able to recover more than $75,000. *DeAguilar*, 47 F.3d at 1411.

Plaintiff's petition includes a stipulation stating that the maximum amount of damages sought or that will be accepted "shall not exceed Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest." *See DeAguilar*, 47 F.3d at 1412 ("litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints"). Under the Fifth Circuit's *DeAguilar* decision, this stipulation will preclude removal so long as Plaintiff is bound by his stipulation. *Id.* Plaintiff contends he is bound, while Defendant contends the stipulation is not binding. Defendant claims that a stipulation or affidavit must be signed and notarized to be binding.

The Court agrees with Plaintiff. The binding nature of Plaintiff's stipulation is derived from settled Texas law. In Texas, it is the general rule that pleadings in a particular case are to be regarded as judicial admissions, rather than just ordinary admissions. A judicial admission is a "formal concession in the pleadings or stipulations by a party or counsel, that is binding on the party making them" and which must have been made "intentionally as a waiver." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001). In addition, Texas law holds that stipulations include

admissions or concessions made in a judicial proceeding by a party or attorney, and that stipulations constitute a binding contract between the parties and the court. *See Federal Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689 (Tex. App.–Houston [1st Dist.] 1995, writ denied) (holding a stipulation to constitute a binding contract between the parties and the court); *Amoco Prod. Co. v. Texas Elec. Serv. Co.*, 614 S.W.2d 194, 196 (Tex. Civ. App. 1981, no writ) (finding stipulations to be favored, and, as a general rule, valid stipulations are binding on the parties); *First Nat'l Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 143 (Tex. Civ. App. 1979, writ ref'd n.r.e.) (holding that stipulations constitute a contract between the parties and the court); *see also Gevinson v. Manhattan Constr.*, 449 S.W.2d 458, 466 (Tex. 1969). A party making a stipulation or judicial admission is barred from disputing it. Thus, the stipulation is sufficiently binding under Texas law to preclude removal.

Further, stipulations in petitions very similar to the one in the instant case have been found to preclude diversity jurisdiction. *See Real T, LLC v. State Farm Fire & Cas, Co.*, No. 07-8754, 2008 WL 4974862, at *2 (E.D. La. Nov. 18, 2008) ("It is sufficiently binding upon the Plaintiff such that it voluntarily, permanently, and irrevocably waives any potential right to seek, collect, or enforce damages in excess of $75,000 inclusive of all actual damages, attorney's fees and penalties"); *see also Groh v. Travelers Ins. Co.*, No. 07-6836, 2008 WL 5216221, at *2-3 (E.D. La. Dec. 12, 2008).

Defendant further asserts that the stipulation is ambiguous when viewed in its entirety. Defendant claims, citing *Tovar v. Target Corp.*, that an ambiguous stipulation that does not make it clear the plaintiff waives all damages and fees over $75,000 is insufficient. *See Tovar v. Target Corp.*, No. SA-04-CA-0557-XR, 2004 U.S. Dist. WL 2283536, at *2 (W.D. Tex. Oct. 7, 2004). In *Tovar*, this Court concluded that the plaintiff's petition attempted to limit the maximum amount

sought to under the jurisdictional requirement, but the petition contradicted itself. *Tovar*, 2004 U.S. Dist. WL 2283536, at *2. The demands sometimes excluded certain fees and damages but other times did not, so the stipulation did not effectively limit the entire possible recovery. *Id.* at *4. The instant case is distinguishable from *Tovar*, as the stipulation in Plaintiff's original petition explicitly includes attorney's fees, actual damages, and punitive damages. Thus, because Plaintiff's stipulation explicitly states he does not seek and will not accept any award in excess of the jurisdictional amount, the amount in controversy in this case is successfully limited in an unambiguous manner.

Thus, the Court finds that the Plaintiff's stipulation is sufficiently clear and binding to limit the amount in controversy such that this Court therefore lacks subject matter jurisdiction over this removed case.

## Conclusion

The Court finds Plaintiff's stipulation to be both unambiguous and binding. Thus, the amount in controversy is less than $75,000, and Plaintiff's stipulation in his original petition divests the Court of diversity jurisdiction. It is therefore ORDERED that Plaintiff's Motion to Remand (docket no. 2) is GRANTED and this case is REMANDED to state district court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), (d).

SIGNED this 19th day of July, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE